MONICA Y. KIM (SBN 180139)
KURT RAMLO (SBN 166856)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: myk@lnbyb.com; kr@lnbyb.com

Attorneys for Defendant University of Southern California

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>CHARLES MICHAEL ANKRIM, AND CLAUDIA LYNN ANKRIM,<br><br>                   Debtors.<br><br>GEOFFREY RICHARDS, CHAPTER 7 TRUSTEE,<br><br>                   Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>                   Defendant. | Case No. 13-27626-C-7<br><br>Chapter 7<br><br>Adv. No. 15-02107-C<br><br>DC No. LNB-1<br><br>**MOTION TO DISMISS COMPLAINT TO AVOID AND RECOVER FRAUDLENT TRANSFERS AND NOTICE OF HEARING THEREON**<br><br>[Memorandum of Points and Authorities and Declaration of Monica Y. Kim filed concurrently herewith]<br><br>Date: August 11, 2015<br>Time: 9:30 a.m.<br>Courtroom: Courtroom 35<br>                   Department C<br>                   501 I Street, 6th Floor<br>                   Sacramento, CA |

**PLEASE TAKE NOTICE** that, on August 11, 2015 at 9:30 a.m., a hearing will be held before the Honorable Christopher M. Klein, in the United States Bankruptcy Court, Department C, Courtroom 35, located at 501 "I" Street, 6th Floor, Sacramento, California, to

consider the motion ("Motion") filed by defendant University of Southern California ("USC" or "Defendant") to dismiss the *"Complaint To Avoid and Recover Fraudulent Transfers"* ("Complaint") brought by Geoffrey Richards, the Chapter 7 trustee ("Trustee" or "Plaintiff") of the bankruptcy estate of the above-referenced debtors, Charles Michael Ankrim and Claudia Lynn Ankrim ("Debtors"). The Motion is brought pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, made applicable in adversary proceedings pursuant to Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure, respectively, and is summarized as follows:

    1.    On June 3, 2013 ("Petition Date"), the Debtors, a married couple, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Trustee was duly appointed to serve as the Chapter 7 trustee of the Debtors' bankruptcy estate.

    2.    On May 29, 2015, almost two years after the Petition Date, the Trustee brought the Complaint against USC to avoid and recover, on a constructive fraud theory, transfers that the Debtors allegedly made pre-petition to USC for the benefit of their children, in the total amount of $178,985.77. The Complaint concerns 116 separate payments. The Trustee claims that the Debtors received no value, whether direct or indirect, from these 116 payments.

    3.    More specifically, the Complaint alleges the following:

    (a)    The Trustee is informed and believes and thereon alleges that at various times during the four (4) years preceding the Petition Date, the Debtors' two (2) children, Courtney Ankrim ("Courtney") and Cody Ankrim ("Cody" and with Courtney, collectively, the "Children"), were students at USC at various times. See Complaint, ¶7.

    (b)    The Trustee is informed and believes and thereon alleges that at various times during the four (4) years preceding the Petition Date, the Debtors paid USC approximately $178,985.77 ("Four Year Payments") for the benefit of Courtney and/or Cody. See Complaint, ¶8.

    (c)    Of the Four Year Payments, approximately $96,341 were paid within the two (2) years preceding the Petition Date ("Two Year Payments") (the Four Year Payments

and Two Year Payments are collectively referred to in the Complaint as the "Payments" and the Payments are also defined as "Transfers"). See Complaint, ¶9, 10.

   (d) The Payments are described in a spreadsheet attached as Exhibit "1" to the Complaint (the "Spreadsheet"). See Complaint, ¶10.

  4. The Complaint also alleges that Courtney and Cody were each over the age of eighteen (18) years old at the time of the Transfers. See Complaint, ¶12. There is no allegation in the Complaint that the Children were financially independent from their parents at the time of the Transfers.

  5. The Spreadsheet lists 116 separate Payments made during the period from June 8, 2009 through May 1, 2013, and range from $21.10 to $4,820. The Spreadsheet provides only a date, payee and the amount for each of the Payments. There are at least 6 different payees referenced on the Spreadsheet, including USC Cashiers Office, USC Bookstore, USC Ticket Office, USC Student Financial Services, USC The Lab, and USC Card Services. There are no facts in the Complaint as to the nature of the Payments, such as a description of the charges, who made the charges, or what the charges were for.

  6. The Complaint seeks to avoid and recover the Payments, as constructive fraudulent transfers under sections 544, 548 and 550 of the Bankruptcy Code, and the California Uniform Fraudulent Transfer Act ("UFTA") as embodied in California Civil Code sections 3439 *et al*. As discussed below and in the accompanying Memorandum of Points and Authorities, at its core, a constructive fraudulent transfer has two elements: reasonable equivalent value and insolvency.

  7. As to the first element, the Trustee alleges that the Debtors received no value from the Payments, but the facts as stated in the Complaint are insufficient to form the basis for such allegation.

  8. Additionally, as a matter of law, the value provided in the form of an education for the Children constitutes "reasonably equivalent value" to the Debtors. Indeed, Congress has recognized this and is in the process of enacting legislation to specifically exclude as an

exception to the avoidance under section 548 of the Bankruptcy Code any pre-petition tuition payments made by parents to colleges for their children.[1]

9. There are no reported decisions by any court in California or within the Ninth Circuit addressing the issue of whether parents receive "reasonably equivalent value" for payments made to colleges for the benefit of their children. However, courts in other jurisdictions have considered and ruled upon this issue in favor of the colleges. USC urges this Court to adopt the rationale and rulings of these courts in its consideration of the Motion, and determine that, as a matter of law, the Complaint must be dismissed because it simply fails to state claims upon which relief can be granted.

10. With regard to the <u>second</u> element, the Complaint is also devoid of any facts concerning the financial condition of the Debtors at the time of the Transfers and contains only a formulaic recitation of the applicable statutes. Specifically, in the Complaint, the Trustee alleges that, at the time of the Transfers, the Debtors:

(i) were insolvent or became insolvent as a result of the Payments [3rd claim for relief, and 5th claim for relief]; or

(ii) were engaged or about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction [1st claim for relief] or for which any property remaining with the Debtors was an unreasonably small capital [6th claim for relief]; or

(iii) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due [2nd claim for relief] or as they matured [7th claim for relief].

---

[1] The bill, known as "Protecting All College Tuition Act of 2015" (PACT Act), was introduced by Congressman Chris Collins (NY) and Blake Farenthold (TX) and would provide that tuition payments made to a postsecondary institution by a parent on behalf of their child are not fraudulent for purposes of section 548 of the Bankruptcy Code. The proposed legislation is intended to prevent bankruptcy collectors from suing colleges for tuition already paid by parents on behalf of their child. A copy of this proposed legislation is attached as ***Exhibit 1*** to the Declaration of Monica Y. Kim ("Kim Declaration") filed concurrently herewith.

11. But, there are no facts at all to support these allegations. The Complaint contains just **one** statement as to the Debtors' financial condition, at paragraph 14, which states: "Moreover, based upon the Debtors' books and records, the Plaintiff is informed that the Debtors were insolvent at all relevant times." There are no facts as to the nature of the books and records upon which the Trustee is so informed, or any facts as to what these books and record actually reflect about the Debtors' financial condition. Accordingly, the Complaint must be dismissed because it fails to state sufficient facts and claims upon which relief can be granted.

12. Additionally, the allegations of the Trustee, that the Debtors were engaged or about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction [1st claim for relief] or for which any property remaining with the Debtors was an unreasonably small capital [6th claim for relief], applies only to <u>business debtors</u>. Therefore, at a minimum, the 1st and 6th claim for relief must be immediately dismissed.

Based on all of the foregoing, and as further discussed in the Memorandum of Points and Authorities and other evidence in support of the Motion filed concurrently herewith, the Complaint should be dismissed with prejudice.

**PLEASE TAKE FURTHER NOTICE** that, opposition, if any, to the granting of the motion shall be in writing and shall be served and filed with the Court by the responding party at least fourteen (14) days preceding the date or continued date of the hearing. Opposition shall be accompanied by evidence establishing its factual allegations. Without good cause, no party shall be heard in opposition to a motion at oral argument if written opposition to the motion has not been timely filed. Failure of the responding party to timely file written opposition may be deemed a waiver of any opposition to the granting of the motion or may result in the imposition of sanctions.

**WHEREFORE**, USC respectfully requests that this Court enter an order:

1. Granting the Motion in its entirety;

2. Entering an order dismissing the Complaint with prejudice; and

3. Granting such other and further relief as is just and appropriate in the circumstances.

Dated: June 30, 2015     UNIVERSITY OF SOUTHERN CALIFORNIA

By: /s/ Monica Y. Kim
      Monica Y. Kim
      Kurt Ramlo
Levene, Neale, Bender, Yoo & Brill L.L.P.
Attorneys for University of Southern California

6