Case 15-02107    Filed 06/30/15    Doc 8

**18**

MONICA Y. KIM (SBN 180139)
KURT RAMLO (SBN 166856)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email: myk@lnbyb.com; kr@lnbyb.com

Attorneys for Defendant University of Southern California

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>CHARLES MICHAEL ANKRIM, AND CLAUDIA LYNN ANKRIM,<br><br>       Debtors.<br>_____<br>GEOFFREY RICHARDS,<br>CHAPTER 7 TRUSTEE,<br><br>       Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>       Defendant. | Case No. 13-27626-C-7<br><br>Chapter 7<br><br>Adv. No. 15-02107-C<br><br>DC No. LNB-1<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT TO AVOID AND RECOVER FRAUDLENT TRANSFERS**<br><br>Date: August 11, 2015<br>Time: 9:30 a.m.<br>Courtroom: Courtroom 35<br>      Department C<br>      501 I Street, 6th Floor<br>      Sacramento, CA |

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 2

I.   STATEMENT OF FACTS ........................................................................................... 2

II.  DISCUSSION ................................................................................................................ 5

    A  As A Matter Of Law, The Trustee Cannot Establish That The Debtors Did Not Receive "Reasonably Equivalent Value" For The Payments. 6

    B  The Complaint Must Be Dismissed Because The Elements Of The Alleged Claims Are Not Properly Pled. ................................................. 12

III  CONCLUSION ........................................................................................................... 14

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

In re Akanmu,
   502 B.R. 124 (Bankr. E.D.N.Y. 2013) .................................................................. 9, 10

Allstate Ins. Co., v. Countrywide Fin. Corp.,
   842 F.Supp.2d 1216 (C.D. Cal. 2012) ........................................................................ 6

Ashcroft v. Iqbal,
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ......................................... 5, 6

Barber v. Golden Seed Co., Inc.,
   129 F.3d 382 (7th Cir. 1997) ....................................................................................... 8

Bell Atl. Corp. v. Twombly,
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) ........................................ 6, 12

In re Bellardita,
   2008 WL 4296554 (Bankr. E.D. Cal. 2008) (Unpublished) ..................................... 14

In re Cohen,
   2012 WL 5360956 (Bankr. W.D. Pa. 2012) ............................................................ 8, 9

In re Gonzales,
   2011 WL 2619609 (Bankr. D. N.M. July 1, 2011) ................................................... 14

Hartman v. Gilead Sciences, Inc.,
   536 F.3d 1049 (9th Cir. 2008) ..................................................................................... 6

In re Heartbeat of the City, N.W., Inc.,
   2006 WL 6810939 (9th Cir. BAP 2006) ..................................................................... 8

Limestone Dev. Corp. v. Vill. Of Lemont, Ill.,
   520 F.3d 797 (7th Cir. 2008) ..................................................................................... 12

In re Moriarty,
   2014 WL 6623005 (Bankr. C.D.Cal. 2014) .............................................................. 12

Moss v. U.S. Secret Serv.,
   572 F.3d 962 (9th Cir. 2009) ..................................................................................... 12

In re Oberdick,
   490 B.R. 687 (Bankr. W.D. Pa 2013) .......................................................................... 9

18

Papsan v. Allain,
    478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) .................................................. 5

In re R.M.L., Inc.,
    92 F.3d 139 (3d Cir. 1996) ........................................................................................... 8

In re Rodriguez,
    895 F.2d 725 (11th Cir. 1990) ................................................................................ 6, 12

In re Solomon,
    300 B.R. 57 .............................................................................................................. 6, 12

In re Tarin,
    454 B.R. 179 (Bankr. D.N.M. 2011) ..................................................................... 10, 11

In re Vansteinberg,
    2003 WL 23838125 (Bankr. D. Kan. 2003) .......................................................... 10, 11

**FEDERAL STATUTES**

Bankruptcy Code
    §§ 544, 548 and 550 ........................................................................... 3, 4, 6, 8, 11, 14
    § 548(a)(1)(B) ............................................................................................................. 7
    § 548(d) .................................................................................................................. 7, 8

**CALIFORNIA STATUTES**

California Civil Code
    §§ 3439 ........................................................................................................................ 3
    §§ 3439 et seq. ............................................................................................................ 6
    § 3439.03 .................................................................................................................... 8
    §§ 3439.04, 3934.05 ................................................................................................... 7

California Uniform Fraudulent Transfer Act ................................................................... 3

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 8(a)(2) ................................................................................................. 5

TO THE HONORABLE CHRISTOPHER M. KLEIN, UNITED STATES BANKRUPTCY JUDGE:

Defendant University of Southern California ("USC" or "Defendant") hereby submits its motion ("Motion") to dismiss the "*Complaint To Avoid and Recover Fraudulent Transfers*" ("Complaint") brought by Geoffrey Richards, the Chapter 7 trustee ("Trustee" or "Plaintiff") of the bankruptcy estate of the above-referenced debtors, Charles Michael Ankrim and Claudia Lynn Ankrim ("Debtors"). The Motion is brought pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure ("FRCP"), made applicable in adversary proceedings by Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure ("FRBP"), respectively. In support of its Motion, USC respectfully represents as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.

STATEMENT OF FACTS

1. On June 3, 2013 ("Petition Date"), the Debtors, a married couple, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Trustee was duly appointed to serve as the Chapter 7 trustee of the Debtors' bankruptcy estate.

2. On May 29, 2015, almost two years after the Petition Date, the Trustee brought the Complaint against USC to avoid and recover, on a constructive fraud theory, transfers that the Debtors allegedly made pre-petition to USC for the benefit of their children, in the total amount of $178,985.77. The Complaint concerns 116 separate payments. The Trustee claims that the Debtors received no value, whether direct or indirect, from these 116 payments.

3. More specifically, the Complaint alleges the following:

(a) The Trustee is informed and believes and thereon alleges that at various times during the four (4) years preceding the Petition Date, the Debtors' two (2) children, Courtney Ankrim ("Courtney") and Cody Ankrim ("Cody" and with Courtney, collectively, the "Children"), were students at USC at various times. See Complaint, ¶7.

(b) The Trustee is informed and believes and thereon alleges that at various times during the four (4) years preceding the Petition Date, the Debtors paid USC approximately $178,985.77 ("Four Year Payments") for the benefit of Courtney and/or Cody. See Complaint, ¶8.

(c) Of the Four Year Payments, approximately $96,341 were paid within the two (2) years preceding the Petition Date ("Two Year Payments") (the Four Year Payments and Two Year Payments are collectively referred to in the Complaint as the "Payments" and the Payments are also defined as "Transfers"). See Complaint, ¶9, 10.

(d) The Payments are described in a spreadsheet attached as Exhibit "1" to the Complaint (the "Spreadsheet"). See Complaint, ¶10.

4. The Complaint also alleges that Courtney and Cody were each over the age of eighteen (18) years old at the time of the Transfers. See Complaint, ¶12. There is no allegation in the Complaint that the Children were financially independent from their parents at the time of the Transfers.

5. The Spreadsheet lists 116 separate Payments made during the period from June 8, 2009 through May 1, 2013, and range from $21.10 to $4,820. The Spreadsheet provides only a date, payee and the amount for each of the Payments. There are at least 6 different payees referenced on the Spreadsheet, including USC Cashiers Office, USC Bookstore, USC Ticket Office, USC Student Financial Services, USC The Lab, and USC Card Services. There are no facts in the Complaint as to the nature of the Payments, such as a description of the charges, who made the charges, or what the charges were for.

6. The Complaint seeks to avoid and recover the Payments, as constructive fraudulent transfers under sections 544, 548 and 550 of the Bankruptcy Code, and the California Uniform Fraudulent Transfer Act ("UFTA") as embodied in California Civil Code sections 3439 et al. As discussed below, at its core, a constructive fraudulent transfer has two elements: reasonable equivalent value and insolvency.

7. As to the <u>first</u> element, the Trustee alleges that the Debtors received no value from the Payments, but the facts as stated in the Complaint are insufficient to form the basis for such allegation.

8. Additionally, as a matter of law, the value provided in the form of an education for the Children constitutes "reasonably equivalent value" to the Debtors. Indeed, Congress has recognized this and is in the process of enacting legislation to specifically exclude as an exception to the avoidance under section 548 of the Bankruptcy Code any pre-petition tuition payments made by parents to colleges for their children.[1]

9. There are no reported decisions by any court in California or within the Ninth Circuit addressing the issue of whether parents receive "reasonably equivalent value" for payments made to colleges for the benefit of their children. However, courts in other jurisdictions have considered and ruled upon this issue in favor of the colleges. USC urges this Court to adopt the rationale and rulings of these courts in its consideration of the Motion, and determine that, as a matter of law, the Complaint must be dismissed because it simply fails to state claims upon which relief can be granted.

10. With regard to the <u>second</u> element, the Complaint is also devoid of any facts concerning the financial condition of the Debtors at the time of the Transfers and contains only a formulaic recitation of the applicable statutes. Specifically, in the Complaint, the Trustee alleges that, at the time of the Transfers, the Debtors:

(i) were insolvent or became insolvent as a result of the Payments [3rd claim for relief, and 5th claim for relief]; or

(ii) were engaged or about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or

---

[1] The bill, known as "Protecting All College Tuition Act of 2015" (PACT Act), was introduced by Congressman Chris Collins (NY) and Blake Farenthold (TX) and would provide that tuition payments made to a postsecondary institution by a parent on behalf of their child are not fraudulent for purposes of section 548 of the Bankruptcy Code. The proposed legislation is intended to prevent bankruptcy collectors from suing colleges for tuition already paid by parents on behalf of their child. A copy of this proposed legislation is attached as **Exhibit 1** to the Declaration of Monica Y. Kim ("<u>Kim Declaration</u>") filed concurrently herewith.

4

transaction [1st claim for relief] or for which any property remaining with the Debtors was an unreasonably small capital [6th claim for relief]; or

   (iii) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due [2nd claim for relief] or as they matured [7th claim for relief].

  11. But, there are no facts at all to support these allegations. The Complaint contains just **one** statement as to the Debtors' financial condition, at paragraph 14, which states: "Moreover, based upon the Debtors' books and records, the Plaintiff is informed that the Debtors were insolvent at all relevant times." There are no facts as to the nature of the books and records upon which the Trustee is so informed, or any facts as to what these books and records actually reflect about the Debtors' financial condition. Accordingly, the Complaint must be dismissed because it fails to state sufficient facts and claims upon which relief can be granted.

  12. Additionally, the allegations of the Trustee, that the Debtors were engaged or about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction [1st claim for relief] or for which any property remaining with the Debtors was an unreasonably small capital [6th claim for relief], applies only to <u>business debtors</u>. Therefore, at a minimum, the 1st and 6th claim for relief must be immediately dismissed.

II.

DISCUSSION

 FRCP 8(a), made applicable to this adversary proceeding pursuant to FRBP 7008(a) provides that: "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2); Fed. R. Bank. P. 7008(a)(2).

 FRCP 12(b)(6), made applicable to this adversary proceeding by FRBP 7012(b), provides that a complaint may be dismissed "for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6); Fed. R. Bank. P. 7012(b). "To survive a motion to

5

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papsan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); see also Ashcroft v. Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

A complaint must make a ""showing," rather than a blanket assertion, of entitlement to relief" supported by sufficient "factual allegation[s]." Bell Atl. Corp. v. Twombly ("Twombly"), 550 U.S. at 556 n.3, 127 S.Ct. 1955. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of factual enhancement." Ashcroft v. Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (citations and internal quotation marked omitted). Accordingly, while a court must accept as true all material allegations from the complaint and all reasonable inferences that may be drawn from those facts, the court is not required to accept as true allegations that are merely conclusory, or require unwarranted deductions or unreasonable inferences. Hartman v. Gilead Sciences, Inc., 536 F.3d 1049, 1055 (9th Cir. 2008).

Even liberally construed, the Complaint, which contains eight (8) claims for relief under both federal and state fraudulent transfer theories, does not contain sufficient factual allegations to state any claim for relief. Rather, the Complaint is based on conclusions of law, naked assertions, and a "formulaic recitation" of the elements of sections 544, 548 and 550 of the Bankruptcy Code, and California Civil Code sections 3439 et seq. Moreover, even if properly alleged, as a matter of law, the Trustee cannot establish that the Debtors did not receive reasonably equivalent value for the Payments. Therefore, the Complaint must be dismissed.

**A.    As A Matter Of Law, The Trustee Cannot Establish That The Debtors Did Not Receive "Reasonably Equivalent Value" For The Payments.**

At its core, a constructive fraudulent transfer has two elements: reasonable equivalent value and insolvency. <u>Allstate Ins. Co., v. Countrywide Fin. Corp.</u>, 842 F.Supp.2d 1216, 1224 (C.D. Cal. 2012). The burden of proof is on the Trustee to establish each element by a preponderance of the evidence. <u>In re Rodriguez</u>, 895 F.2d 725, 726 (11th Cir. 1990); <u>In re Solomon</u>, 300 B.R. 57, 63 (citing <u>In re Craig</u>, 144 F.3d 587, 590 (8th Cir. 1998)). The Trustee has not stated facts that are sufficient to form the basis that the Debtors did not receive reasonably equivalent value for the Payments. But, even if sufficient facts were stated, as a matter of law, the Trustee cannot establish that the Debtors did not receive reasonably equivalent value for the Payments.

Section 548(a)(1)(B) of the Bankruptcy Code authorizes a trustee to avoid a transfer of an interest in property of the debtor under a theory of constructive fraud. That section provides:

> "The trustee may avoid any transfer…of an interest of the debtor in property, or any obligation …incurred by the debtor, that was made or incurred or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> > (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> >
> > (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
> >
> > (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
> >
> > (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business."

11 U.S.C. §548(a)(1)(B).

To succeed on a constructive fraudulent transfer theory under California's UFTA, the Trustee must also establish that the Debtors received no reasonably equivalent value for the Payments. See California Civil Code §§3439.04, 3934.05. Neither the Bankruptcy Code nor California's Civil Code defines "reasonably equivalent value." "Value" is defined in section 548(d) of the Bankruptcy Code as "property, or satisfaction or securing of a present or antecedent debtor of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor. 11 U.S.C. §548(d); see also California Civil Code §3439.03.

Case law has embroidered this concept to include "any benefit" to the debtor, "direct or indirect," as value. The determination of whether value was given under section 548 depends on the circumstances of each case and not on a fixed mathematical formula. See Barber v. Golden Seed Co., Inc., 129 F.3d 382, 387 (7th Cir. 1997); In re R.M.L., Inc., 92 F.3d 139, 145 (3d Cir. 1996). Whether the transfer is for " 'reasonably equivalent value' in every case is largely a question of fact as to which considerable latitude must be allowed to the trier of facts." In re Heartbeat of the City, N.W., Inc., 2006 WL 6810939, *5 n.9 (9th Cir. BAP 2006).

The Trustee contends that the Debtors, as the parents of Courtney and Cody, received no value from the Payments. See Complaint, ¶13. However, courts have rejected the Trustee's contentions, and have found that debtor parents do receive reasonably equivalent value directly and indirectly in the form of the education provided to their children.

In In re Cohen, the trustee of the estate of David I. Cohen challenged $102,573 in payments that defendants (parents) made for their son and daughter's post-secondary educations, including $46,059.97 for their son's undergraduate education, $7,562 for their daughter's undergraduate education, and $39,205 for their daughter's graduate education. In re Cohen, 2012 WL 5360956 (Bankr. W.D. Pa. 2012) (vacated and remanded in part on other grounds). The trustee argued that parents residing in Pennsylvania have no legal duty to provide for the education of their children beyond the age of 18 or the completion of high school, whichever occurs later. The bankruptcy court rejected this argument stating:

> "While the Pennsylvania legislature has not yet enacted a statute that requires parents to pay for their children's post-secondary education, this Court holds that such expenses are reasonable and necessary for the maintenance of the Debtor's family for purposes of the fraudulent transfer statutes only. This holding, however, is limited to payments the Defendants made for the children's undergraduate education as such children in graduate school are well into adulthood."

Accordingly, the <u>Cohen</u> court held that the trustee failed to meet his burden that the parents did not receive reasonably equivalent value for pre-petition payments made for undergraduate education for their children.

Shortly after the <u>Cohen</u> decision, the Bankruptcy Court for the Western District of Pennsylvania addressed this issue again in <u>In re Oberdick</u>, 490 B.R. 687 (Bankr. W.D. Pa 2013). The trustee challenged $82,536.22 worth of expenditures that were used to pay for the college education of two of the defendants' children. The expenses in question related to the attendance of one of the children at the University of Chicago, and the other at Robert Morris University, both as undergraduate students. Like <u>Cohen</u>, the trustee argued that parents have no legal obligation to provide for the education of their children beyond the age of 18, or graduation from high school, whichever occurs first. <u>Id</u>. at 711. However, this court also rejected the trustee's argument and agreed with the conclusion of the <u>Cohen</u> court. The <u>Oberdick</u> bankruptcy court stated:

> "Even though there may not strictly be a legal obligation for parents to assist in financing their children's undergraduate college education, in following Judge Deller's lead in the *Cohen* case, this Court has little hesitation in recognizing that there is something of a societal expectation that parents will assist with such expense if they are able to do so."

<u>Id</u>. at 712.

Here, no facts are alleged by the Trustee that the Debtors made the Payments to USC as part of a strategy or with an ulterior motive to shield money from other creditors. Rather, the Payments reflect expenditures that the Debtors appear to have made out of their reasonable sense of parental obligation. In this regard, there was reasonably equivalent value conferred upon the Debtors because the Payments enabled the Debtors to meet their parental obligations and provide excellent college education to Courtney and Cody.

The bankruptcy court for the Eastern District of New York also recently faced a similar issue in In re Akanmu, 502 B.R. 124 (Bankr. E.D.N.Y. 2013). The trustee sought to avoid and recover tuition payments made pre-petition by the parents to private schools that their minor children attended. The schools moved to dismiss the complaint, which was granted by the court. Id. at 128-29. Although the Akanmu case dealt with minor children, the rationale relied upon by the bankruptcy court in granting the defendant's motion to dismiss is applicable in this case. The Akanmu bankruptcy court stated:

> "The trustee's claims are based on a fundamentally flawed legal theory that is, moreover, at odds with common sense. The education provided by the defendants to these minor children constitutes both a direct and indirect benefit to their parents, who, with their children must be considered a single economic unit for purposes of this analysis."

Id. at 127. The Akanmu bankruptcy court further opined that:

> "The Debtors received reasonably equivalent value ... not only because the Debtors satisfied their legal obligation to educate their children, but also because the Debtors and their minor children must be viewed as a single economic unit for these purposes. In other words, goods and services purchased by parents for their minor children should generally be treated, for purposes of constructive fraudulent conveyance analysis, as though they had been purchased by the parents for themselves.
>
> This conclusion follows from the fact that the affairs of parents and their minor children are generally so entangled as to effectively create a single economic unit."

Id. at 136.

Here, the Trustee has not alleged that Courtney and Cody were financially independent from their parents and that their economic lives were separate from the Debtors. Despite enrolling in college, there are no facts alleged that the Children had independent means of financial support. Therefore, the reasoning of the Akanmu bankruptcy court applies here.

It is also well established that a debtor may receive indirect value by paying a debt for which he is not liable. See, e.g., In re Tarin, 454 B.R. 179 (Bankr. D.N.M. 2011); In re Vansteinberg, 2003 WL 23838125 (Bankr. D. Kan. 2003). In Tarin, the trustee sought to recover, on fraudulent transfer grounds, pre-petition payments that debtors had made to pay for

their daughter's wedding planner, flowers and decorations, and the like for a wedding party that the debtors, their daughter and guests attended. The court held that the debtors received reasonably equivalent value "in the form of the flowers that they and their guests got to smell, the food that they and their guests got to eat, the music that they and their guests got to listen and dance to, and the like." Tarin, 454 B.R. at 183-84. The Tarin court went on to note:

> "The fact that Defendant benefitted incidentally does not matter. The purpose of the fraudulent transfer section is to ensure that the estate is not depleted by transfers for no or inadequate value. Therefore, the Court analyzes an allegedly fraudulent transfer by examining "what the debtor surrendered and what the debtor received irrespective of what any third party may have gained or lost." [citations omitted].

Id. at 183. The Tarin court also noted that, allowing relief on the complaint would amount to double recovery for the creditors because the debtors received the goods and services for which they paid, and now the trustee is attempting a second recovery identical to what was already received.[2] Id. at 184.

Similarly, in Vansteinberg, the trustee sought to recover, as fraudulent transfers, pre-petition payments that the debtor had made directly to third party vendors for expenses related to a horse titled exclusively in his non-debtor, wife's name. The debtor also testified that he did not ride the horse, and had no interest in horses, but had agreed to pay such expenses just as he paid for all family expenses. The court ruled that these expenses did not constitute fraudulent transfers. Vansteinberg, 2003 WL 23838125.

The efforts and the growing trend of trustees seeking to avoid and recover pre-petition tuition payments made by parent debtors have not gone unnoticed by members of Congress who are attempting to stop this practice. Namely, bill H.R. 2267, known as Protecting All College Tuition ("PACT") Act, was introduced and referred by Congressman Chris Collins (NY) into the House Committee on the Judiciary on May 12, 2015. On June 1, 2015, the bill was referred to the Subcommittee on Regulatory Reform, Commercial And Antitrust Law. If passed, the PACT Act would provide that tuition payments made to a postsecondary

---

[2] USC will file a third party complaint against the Children if the claims alleged in the Complaint proceed against USC.

institution by a parent on behalf of their child are not fraudulent for purposes of section 548 of the Bankruptcy Code.[3]

Based on the foregoing, the Trustee cannot establish as a matter of law that the Debtors received no reasonably equivalent value in exchange for the Payments. Therefore, the Complaint must be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

**B.    The Complaint Must Be Dismissed Because The Elements Of The Alleged Claims Are Not Properly Pled.**

In the bankruptcy context, Twombly means that a plaintiff can no longer simply recite the statutory language of the particular Code section under which a claim is brought and expect the complaint to give sufficient notice to a defendant of the plaintiff's claim. In re Moriarty, 2014 WL 6623005 (Bankr. C.D.Cal. 2014). To pass muster under Twombly, a plaintiff must state a plausible claim for relief by identifying the specific facts upon which the plaintiff relies to support a reasonable inference of the defendant's liability on plaintiff's claim. Id. Only then will a defendant have sufficient notice of plaintiff's claim under FRCP 8(a). See, e.g., Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("the non-conclusory 'factual content,' and reasonable inferences from that content ... [must] plausibly [suggest] a claim entitled the plaintiff to relief."); Limestone Dev. Corp. v. Vill. Of Lemont, Ill., 520 F.3d 797, 802-03 (7th Cir. 2008)(stating that Twombly "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case."). The burden of proof is on the Trustee to establish each element by a preponderance of the evidence. In re Rodriguez, 895 F.2d 725, 726 n.1 (11th Cir. 1990); In re Solomon, 300 B.R. 57, 63 n.18 (citing In re Craig, 144 F.3d 587, 590 (8th Cir. 1998)).

The Complaint does not sufficiently allege facts that form the basis of the Trustee's allegation that the Debtor's received no reasonably equivalent value for the Payments and that

---

[3] A copy of this bill is attached as **Exhibit 1** to the Kim Declaration.

12

18

the Debtors were actually insolvent. The Trustee's Complaint merely recites statutory language and does not state sufficient facts to show plausibly that, on the dates that the Debtors allegedly made the 116 Payments to USC, the Debtors did not receive reasonably equivalent value and that they were actually insolvent. More specifically:

(1) There are little to no facts at all that form the basis of the Trustee's assertion that the Debtors received no value [in paragraph 13], or reasonably equivalent value [in paragraphs 16, 20, 24, 32, 36, and 40] for the 116 Payments. There are various payees that purport to have received the 116 Payments. However, there are no facts describing what the Payments were actually for and who the Payments were actually made for: Courtney or Cody? Some of the payees are USC Card Services, USC Bookstore, USC Cashier's Office, USC Ticket Office, and USC The Lab, and there is no description of what the Payments to these entities were for. USC should not be forced to undergo costly and time consuming discovery to form the bases of the Trustee's Complaint, especially when the Trustee has had almost two years to perform an investigation.

(2) There are also no facts at all to form the basis of the Trustee's assertion --

(a) in paragraph 14 that "…based upon the Debtors' books and records, the Trustee is informed that the Debtors were insolvent at all relevant times."

(b) in paragraph 17 that "… on the dates the Transfers of the Four Year Payments were to Defendant, Debtors were engaged or about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small capital in relation to the business or transaction." [*first claim for relief*]

(c) in paragraph 21 that "…on the dates the Transfers of the Four Year Payments were made to Defendant, Debtors intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due." [*2nd claim for relief*]

(d) in paragraph 25 that "… Debtors were insolvent on the dates that the Transfers of the Four Year Payments were made to Defendants, or became insolvent as a result of the Transfers of the Four Year Payments." [*3rd claim for relief*]

(e)	in paragraph 33 that "... the Debtors were insolvent on the dates the Transfers of the Two Year Payments were made to Defendant, or became insolvent as a result of the Transfers of the Two Year Payments." [*5th claim for relief*]

(f)	in paragraph 37 that "... on the dates the Transfers of the Two Year Payments were made to Defendant, Debtors were engaged or about to engage in a business or transaction for which any property remaining with the Debtors was an unreasonably small capital." [*6th claim for relief*]

(g)	in paragraph 41 that "... on the dates the Transfers of the Two Year Payments were made to Defendant, Debtors intended to incur, or believed that they would incur, debts beyond their ability to pay as they matured." [*7th claim for relief*].

The Complaint does not set forth sufficient information or facts to outline the elements of the claims or to permit inference to be drawn that these elements even exist. The Complaint is based exclusively on legal conclusions and merely recites statutory language. The Trustee's constructive fraud claims are insufficiently stated, and, therefore, must be dismissed for failure to state any claim upon which relief can be granted.

Additionally, section 548(a)(1)(B)(ii)(II) applies only to business debtors. See In re Bellardita, 2008 WL 4296554, *11 (Bankr. E.D. Cal. 2008) (Unpublished)("§ 548(a)(1)(B)(ii)(II) is a provision that only applies to business debtors); see also 4 Norton Bankr.L. & Prac. 3d § 67:5 (2008) (Section 548(a)(1)(B)(ii)(II) 'is the only ground under Bankruptcy Code § 548 ... that is confined solely to business debtors.'); In re Gonzales, 2011 WL 2619609, *4 n.9 (Bankr. D. N.M. July 1, 2011).

The Debtors do not operate a business, and are not business debtors. Therefore, as a matter of law, at least the 1st claim for relief and the 6th claim for relief must be dismissed with prejudice for failure to state a claim upon which any relief can be granted.

### III.
### CONCLUSION

For all of the reasons set forth herein, USC respectfully requests that the Court grant the

14

**18**

Motion and dismiss the Complaint with prejudice.

Dated: June 30, 2015                    UNIVERSITY OF SOUTHERN CALIFORNIA

By: /s/ *Monica Y. Kim*
    Monica Y. Kim
    Kurt Ramlo
    Levene, Neale, Bender, Yoo & Brill L.L.P.
    Attorneys for University of Southern California

15